IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA S. MUHAMMAD,

    Plaintiff,                  No. 2:10-cv-2726 KJN P

    vs.

DAWN LOREY, et al.,

    Defendants.            ORDER

_____/

        Plaintiff is a prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and seeks leave to proceed in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). (Dkt. No. 5.)

        The Prison Litigation Reform Act of 1995 ("PLRA") permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

1  frivolous, malicious, or fails to state a claim upon which relief may
2  be granted, unless the prisoner is under imminent danger of serious
   physical injury.

3  28 U.S.C. § 1915(g).  While reviewing court records, the court became aware that plaintiff has

4  sustained three dismissals that qualify as strikes under 28 U.S.C. § 1915(g).[1]  The court herein

5  lists the three cases which expressly state in the order clause that the respective case was being

6  dismissed for failure to state a claim or dismissed as frivolous:

7          1.  Muhammad v. Sisto, 2:09-cv-2008 MCE GGH P, October 8, 2009 (order

8  dismissing for failing to state a colorable claim upon which relief may be granted).

9          2.  Muhammad v. Sisto, 2:07-cv-1352 LKK CMK P, November 25, 2008 (order

10  dismissing second amended complaint for failure to state a claim).

11          3.  Muhammad v. Long, 2:07-cv-0089 LKK KJM P, June 18, 2008 (order

12  dismissing the action for failure to state a claim).

13          4.  Muhammad v. United States, et al., Case No. CV 06-2035-VAP (JWJ)

14  (Central District of California, Western Division), July 7, 2006 (order dismissing complaint as

15  frivolous).

16          The court finds that plaintiff is precluded from proceeding in forma pauperis in

17  this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

18  To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under

19  imminent danger" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047,

20  1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that

21  matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also,

22  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d

23  1189, 1192-93 (11th Cir. 1999).

---

25  [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp.,
26  80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

In the instant action, plaintiff raises no claim that he is under imminent danger. Rather, plaintiff raises claims alleging various violations of his right to practice his religious beliefs. These allegations do not demonstrate that plaintiff suffered from an imminent danger of serious injury at the time he filed the complaint on October 7, 2010. Accordingly, plaintiff is barred by the three-strikes provision of § 1915(g) from proceeding in this action in forma pauperis. Therefore, plaintiff's request to proceed in forma pauperis will be denied, and plaintiff will be granted twenty-eight days to pay the filing fee. Plaintiff is cautioned that failure to pay the filing fee in full will result in a recommendation that this action be dismissed.

IT IS HEREBY ORDERED that:

1. Plaintiff's November 18, 2010 request to proceed in forma pauperis (dkt. no. 6) is denied; and

2. Plaintiff is granted twenty-eight days from the date of this order to pay the filing fee ($350.00).

DATED: December 2, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

muha2726.3str